**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | |
|---|---|
| **SHANE WADLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: 5:20-cv-147-TBR |
| v. | ) |
| | ) |
| **NATIONAL RAILWAY EQUIPMENT COMPANY,** | ) JURY DEMAND |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Shane Wadley, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky and is brought pursuant to the Emergency Paid Sick Leave Act of the Families First Coronavirus Response Act, 116 P.L. 127, § 5101 *et seq*., 134 Stat. 178, and common law equitable estoppel.

### THE PARTIES

2. Plaintiff Shane Wadley is a resident of Paducah, McCracken County, Kentucky who was, at all relevant times, employed by Defendant National Railway Equipment Company at its Paducah, Kentucky facility.

3. Defendant National Railway Equipment Company is a Illinois corporation with its principal office located at 1300 Kentucky Avenue, Paducah, KY 42003. Defendant's registered

agent for service of process is Corporation Service Company, which may be served at 421 West Main Street, Frankfort, KY 40601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Wadley's federal claims pursuant to the Emergency Paid Sick Leave Act of the Families First Coronavirus Response Act, 116 P.L. 127, § 5101 *et seq.*, 134 Stat. 178, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Mr. Wadley's state-law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Wadley in McCracken County, Kentucky, which is located within this judicial district.

## FACTUAL BACKGROUND

6. Defendant is an Illinois corporation with its primary office in Mount Vernon, Illinois.

7. In or about June 2019, Defendant reopened a facility in Paducah, Kentucky at which it performs inspections and repairs of locomotives, among other services.

8. Defendant hired Mr. Wadley as an electrician at the Paducah facility in October 2019.

9. Mr. Wadley performed his job competently at all times, with no complaints regarding the quality of his work or his productivity.

10. Mr. Wadley is the caregiver for his seventeen-year-old son, who suffers from PTSD after surviving the Marshall County High School shooting, and for his elderly mother, who was diagnosed with cancer in early 2020.

11. Because of his concerns regarding the need to care for his ill family members, in February 2020, Mr. Wadley had separate conversations with his supervisor, the plant manager, and the Human Resources employee in which he inquired about the company's attendance policy and discussed his need for occasional absences to care for his mother and for his son.

12. The Human Resources employee told Mr. Wadley that the Paducah facility did not operate on the attendance point system used at Defendant's Mount Vernon facility and his supervisor said he would "let [Mr. Wadley] know way before it becomes a problem."

13. Defendant did not advise Mr. Wadley of any problem with his attendance during the ensuing two months.

14. The COVID-19 Coronavirus pandemic struck the nation in March 2020.

15. Congress passed the Emergency Paid Sick Leave Act as part of the Families First Coronavirus Response Act, providing that employees who had been employed for at least thirty days by an employer with fewer than five hundred employees are entitled to two weeks of paid leave if, among other things, they are ordered to self-quarantine due to concerns related to COVID-19. 116 P.L. 127, §§ 5102, 5110(2)(B).

16. Those employees who are eligible for paid leave because they are subject to an order to self-quarantine because of COVID-19 concerns are entitled to their full pay rate for the two-week leave period.

17. In April 2020, Mr. Wadley's health care provider directed him to take two weeks off work due to COVID-19 concerns.

18. Defendant paid Mr. Wadley only two-thirds of his normal pay rate for the leave period.

19. After Mr. Wadley's return to work, on June 19, 2020, Defendant terminated his employment ostensibly because of attendance issues.

20. Defendant employed another individual at the Paducah facility who was permitted to take off whenever he wanted, however.

21. Upon information and belief, Defendant gave the other employee an attendance write up as a warning regarding his attendance on the same day it terminated Mr. Wadley without any warning.

22. Defendant had no employee handbook or policy manual containing any attendance policy applicable to Mr. Wadley during his employment.

23. Mr. Wadley relied on Defendant's representations that he was in good standing and would be notified if he ever developed any attendance concerns.

24. Defendant provided Mr. Wadley with no notice of any attendance issues but, instead, simply fired him after he took paid sick leave at his doctor's order for his COVID-19 concerns.

25. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Wadley has suffered pecuniary losses in the form of lost income and severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT

26. Mr. Wadley realleges and incorporates herein the allegations contained in Paragraphs 1 through 25 as if they were set forth fully herein.

27. Defendant employed fewer than 500 employees at its Paducah location.

28. Mr. Wadley had worked for Defendant for more than thirty days.

29. Mr. Wadley was an individual subject to an order from his health care provider to self-quarantine due to COVID-19 concerns.

30. Defendant did not provide Mr. Wadley with paid sick leave at his full regular pay rate pursuant to the Emergency Paid Sick Leave Act.

31. Defendant's violation of the Emergency Paid Sick Leave Act was willful and knowingly committed.

32. As a direct and proximate result of Defendant's violation of the Emergency Paid Sick Leave Act, Mr. Wadley was injured and suffered damages.

## COUNT II

### RETALIATION IN VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT

33. Mr. Wadley realleges and incorporates herein the allegations contained in Paragraphs 1 through 32 as if they were set forth fully herein.

34. Defendant terminated Mr. Wadley because of his absence from work due to the order of his health care provider to self-quarantine because of concerns related to COVID-19 in violation of the Emergency Paid Sick Leave Act, 116 P.L. 127, § 5104(1), 134 Stat. 178.

35. Defendant's violation of the Emergency Paid Sick Leave Act was willful and knowingly committed.

36. As a direct and proximate result of Defendant's violation of the Emergency Paid Sick Leave Act, Mr. Wadley was injured and suffered damages.

## COUNT III

### COMMON-LAW EQUITABLE ESTOPPEL

37. Mr. Wadley realleges and incorporates herein the allegations contained in Paragraphs 1 – 36.

38. Defendant represented to Mr. Wadley that it had no formal attendance policy and promised to notify him well before any record of absences endangered his job.

39. Defendant knew Mr. Wadley would rely on its false representations and he did, in fact, rely on those representations in choosing to fulfill his family caregiving role.

40. As a direct and proximate result of his wrongful termination by Defendant, Mr. Wadley was injured and suffered damages.

41. Mr. Wadley has sustained a loss of back pay, benefits, incidental expenses, and front pay.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Wadley respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Mr. Wadley be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's illegal actions, in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. An award of liquidated damages in an amount equal to the amount of Mr. Wadley's lost compensation pursuant to 29 U.S.C. § 216(b) as incorporated into the Emergency Paid Sick Leave Act via 116 P.L. 127, § 5105, 134 Stat. 178 pursuant to Counts I – II;

5. That Mr. Wadley be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial pursuant to Count III;

6. That the Court award Mr. Wadley punitive damages pursuant to Ky. Rev. Stat. § 411.184 pursuant to Count III;

7. That costs and discretionary costs be taxed against Defendant;

8. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

9. For such other and further relief as the Court may find appropriate.

        Respectfully submitted,

        s/ D. Wes Sullenger_____
        D. Wes Sullenger, KY BAR # 91861
            TN BPR # 021714
            IL ARDC 6322019

        Sullenger Law Office, PLLC
        629 Washington Street
        Paducah, KY  42003
        Voice: (270) 443-9401

        wes@sullengerfirm.com

        *Attorney for the Plaintiff,*
        *Shane Wadley*