# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### PADUCAH

| | |
|---|---|
| SHANE WADLEY, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 5:20-cv-147 (TBR) |
| NATIONAL RAILWAY EQUIPMENT COMPANY, | ) ) ) ) |
| *Defendant.* | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shane Wadley brings this action against his former employer, the National Railway Equipment Company ("NRE"). Before the Court is NRE's Renewed Motion for Summary Judgment (Mot. for Summ. J.), Dkt. 14-1. Plaintiff Shane Wadley has Responded (Resp.), Dkt. 17. NRE has replied (Reply), Dkt. 18. As such, this matter is ripe for adjudication. For the reasons that follow, Defendant NRE's Mot. for Summ. J., Dkt. 8, is **DENIED**.

### I.     FACTUAL BACKGROUND

The facts as set out in the prior opinion remain unchanged and need not be repeated at length. *See Wadley v. Nat'l Ry. Equip. Co.*, --- F. Supp. 3d ---, 2021 WL 5405225, at *1 (W.D. Ky. Nov. 17, 2021). In short, Wadley worked for NRE from 2019 to 2020. *See* Complaint (Compl.), Dkt 1. NRE claims that it terminated Wadley for excessive absenteeism. *See* Mot. for Summ. J. Wadley disagrees, alleging that NRE actually terminated him for taking leave pursuant to the Emergency Paid Sick Leave Act ("EPSLA"). *See* Compl.; *see also* Resp.

### II.    LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

1

R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . " Fed. R. Civ. P. 56(c)(1). Neither "conclusory allegations" nor "speculation" nor "unsubstantiated assertions" will suffice to defeat a motion for summary judgment. *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017). "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. DISCUSSION

The EPSLA prohibits employers from retaliating against employees for taking sick leave due a qualifying COVID-19-related condition. *See* 29 U.S.C. §§ 5102 and 5110(2). And because the EPSLA relies on the Fair Labor Standards Act ("FLSA") for its enforcement provisions, courts use the FLSA *McDonnell-Douglas* framework to evaluate EPSLA claims. *See*

*Kovacevic v. Am. Int'l Foods Inc.*, No. 1:21-CV-72, 2021 WL 3629756, at *4 (W.D. Mich. Aug. 17, 2021); *see also Kofler v. Sayde Steeves Cleaning Serv., Inc.*, No. 8:20-CV-1460-T-33AEP, 2020 WL 5016902, at *2 (M.D. Fla. Aug. 25, 2020) ("Although the FLSA and FFCRA are different statutes, retaliation for asserting rights under the FFCRA violates the FLSA.").

The *McDonnell-Douglas* framework is: First, the employee carries the initial burden of establishing a prima facie case of retaliation. 411 U.S. 792, 802 (1973). If the employee establishes a prima facie retaliation case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its actions. *See id.* If the employer meets this burden, then the burden shifts back to the employee to demonstrate that the employer's explanation is a pretext for discrimination. *See id.* at 804. Only the third step of the *McDonnell-Douglas* framework—whether Wadley has produced sufficient evidence to create a genuine issue of material fact regarding whether NRE's articulated reason for termination is pretextual—is at issue here.

A plaintiff can establish pretext by showing either "(1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate [his] discharge, or (3) that they were *insufficient* to motivate discharge." *See Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008) (emphasis in original) (*quoting Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994)).

NRE asserts that it terminated Wadley for his excessive absenteeism, which the Court has found is a legitimate, nondiscriminatory reason in this case. *See Wadley*, 2021 WL 5405225, at *8. Wadley claims that the proffered reason did not actually motivate his discharge because NRE agreed to "let [Wadley] know if his absences became a problem" but that he never received such a warning. Resp. at 2. Wadley alleges that he relied on those representations because NRE

3

had no attendance policy. *See id.* at 4. Although Wadley states that his attendance was "markedly better" after his COVID leave, NRE still terminated him seven weeks after taking EPSLA leave. This, Wadley concludes, is sufficient evidence for pretext. *See id.*

NRE now argues that it is entitled to summary judgment because NRE's "vague promise[]" that Wadley could "take time off occasionally to care for his family" "cannot change the fact that" Wadley was an at-will employee who could be fired at any time. *See* Mot. for Summ. J. at 5, 7. According to NRE, "[t]he practical effect of" finding that there is a genuine question as to pretext would mean that "NRE's verbal remarks entitled [Wadley] to an employment relationship of *indefinite* duration with unlimited absences, unless and until [Wadley] was warned that he needed to attend work." *Id.*

NRE is incorrect. Finding that NRE's promise to issue a warning is evidence of pretext is not the same thing as finding that NRE could not fire Wadley at all. Of course NRE could terminate Wadley for excessive absenteeism.[1] And of course NRE could terminate Wadley with or without cause. But what NRE could not do—even if Wadley was an at-will employee—is terminate Wadley for taking EPSLA leave. Here, there is evidence that: (1) NRE told Wadley that it would provide a warning before terminating him for excessive absenteeism; (2) NRE fired Wadley for excessive absenteeism without warning; and (3) Wadley was fired seven weeks after Wadley took EPSLA leave even though his attendance had improved. Based on these facts, a reasonable jury could conclude that NRE's proffered reason for terminating Wadley was not its real reason, the real reason being that Wadley took EPSLA leave. That is not to say, however,

---

[1] Both parties mention, but never fully brief, the possibility that NRE's alleged promises constituted a contract. *See* Mot. for Summ. J.; *see also* Resp. That's because Wadley does not bring a breach of contract claim against NRE. *See* Compl. The Court's language here in no way relates to whether NRE might have breached a contract. The above language only means that excessive absenteeism is a legitimate, nondiscriminatory reason to terminate an employee under the *McDonnell-Douglas* framework.

4

that just because Wadley might have been entitled to a warning that NRE necessarily violated the EPSLA.  Even if NRE did not provide Wadley with a promised warning a jury could still find that NRE's real reason for terminating Wadley was excessive absenteeism.

NRE relies upon two cases to support its position, but that reliance is misplaced.  First, NRE points to *Coulter v. Deloitte Consulting, L.L.C.*, 79 F. App'x 864, 866 (6th Cir. 2003), where the Sixth Circuit noted that an at-will employee is subject to termination without warning, notice, cause, or prior disciplinary action.  *See id.* at 868.  However, the at-will employee in *Coulter* was never given any assurance that she would receive any sort of warning before being terminated.  *See id.* at 865–66.  Here, unlike the employee in *Coulter*, Wadley received a promise that NRE would issue a warning before terminating him for excessive absenteeism.  And because NRE did terminate Wadley for excessive absenteeism without warning, the very thing NRE said it would not do, Wadley has provided more evidence of pretext than "bare denials and . . . subjective beliefs." *Id.* at 868.

Second, NRE cites *Bisig v. Time Warner Cable, Inc.*, No. 3:14-CV-36-DJH-DW, 2018 WL 1476679, at *1 (W.D. Ky. Mar. 26, 2018).  *Bisig* involved an employer who made promises to a group of employees that their jobs were safe, that they would make more money, and would receive certain types of customer lists.  *See id.* at *2.  Despite those assurances, however, the employees were eventually left with a choice between demotion and resigning.  *See id.*  The question in *Bisig* was whether the employer committed a breach of contract or breach of the duty of good faith and fair dealing, *inter alia*, not whether the employer gave a pretextual reason for demoting the employees when, in fact, the real reason was that the employees engaged in protected activity.  *See id.*  *Bisig* therefore does not influence the outcome of this case.

5

NRE also attempts to distinguish two cases relied upon by Wadley and the Court in its previous opinion: *Jones v. Roadway Exp., Inc.*, No. CIV. A. 99-2198-GTV, 2000 WL 1114968, at *7 (D. Kan. July 17, 2000) and *Ritchie v. Aker Kvaerner Songer, Inc.*, No. 6:07-CV-00959, 2009 WL 10705555, at *6 (S.D.W. Va. Nov. 13, 2009). Mot. for Summ. J. at 8–10. Are *Jones* and *Ritchie* identical to Wadley's case? Certainly not. But NRE ignores the ways in which those cases are similar. *Jones* and *Ritchie* both support the proposition that "[w]hen a defendant terminates an employee for excessive absenteeism, a plaintiff can demonstrate pretext by providing evidence that it was his understanding that he would receive a formal warning that his conduct was perceived as being chronically late or absent." *See Wadley*, 2021 WL 5405225, at *9. Wadley has done just that and therefore has provided enough evidence to defeat summary judgment.

Finally, NRE argues that summary judgment is proper because Wadley cannot satisfy his causation burden at trial. *See* Mot. for Summ. J. at 10. A reasonable jury could agree with NRE on this point. However, a reasonable jury could also find that Wadley has presented sufficient evidence to satisfy his causation burden.

At the summary judgment stage, the court only determines whether a fact question exists, it does weigh the evidence. Therefore, the Court denies NRE's motion for summary judgment.

### IV. CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant National Railway's Mot. for Summ. J., Dkt. 14-1, is **DENIED**. A telephonic status conference is scheduled for **May 27, 2022**, at **9:00am Central Standard Time**. The Court will place the call to counsel.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 23, 2022

cc: Counsel